1                    UNITED STATES DISTRICT COURT
2                       DISTRICT OF PUERTO RICO

3    CREATION UPGRADES, INC.,

4

5            Plaintiff,                    Civil No. 08-2388 (JAF)

6

7            v.

8    UNITED STATES DEPARTMENT OF
9    DEFENSE, et al.,

10

11           Defendants.

12                          **OPINION AND ORDER**

13           Plaintiff, Creation Upgrades, Inc., brings this action against

14    Defendants, U.S. Department of Defense, U.S. Department of the Navy,

15    and the Department of the Navy's Base Realignment and Closure Program

16    Management Office (BRAC PMO), alleging a Freedom of Information Act

17    (FOIA) violation under 5 U.S.C. § 552 and a breach of contract claim

18    under 28 U.S.C. § 1346(a)(2).  (Docket Nos. 1; 52.)  Defendants move

19    to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing

20    that their court-ordered compliance with the FOIA request obviates

21    Plaintiff's claim for relief. (Docket Nos. 36; 47; 50; 54.)

22    Defendants also move to dismiss under Federal Rule of Civil Procedure

23    12(b)(1), arguing that this court lacks subject matter jurisdiction

24    to hear the breach of contract claim in Plaintiff's amended

25    complaint. (Docket No. 54.)  Plaintiff opposes. (Docket Nos. 39; 62.)

1                              **I.**

2                   **Factual and Procedural Synopsis**

3        We derive the following factual summary from Plaintiff's amended

4    complaint;   exhibits   attached   to   the   initial   complaint   and

5    incorporated   into   the   amended   complaint   by   reference;   and   the

6    documents   submitted   by   Defendants   in   compliance   with   court   order.

7    (Docket Nos. 52; 1; 47-2; 50-1.) In ruling on a motion to dismiss, we

8    assume   all   of   Plaintiff's   allegations   to   be   true   and   make   all

9    reasonable   inferences   in   its   favor.   See   Gagliardi v. Sullivan, 513

10   F.3d 301, 305 (1st Cir. 2008).

11       Defendants are responsible for disposing of surplus property in

12   the   U.S.   Navy's   possession.   At   some   point   during   2007,   Defendants

13   prepared   to   hold   an   online   auction   for   two   parcels   of   land   on   the

14   former   Roosevelt   Roads   Naval   Station   in   Ceiba,   Puerto   Rico   (Sale

15   Parcels I & II).  Plaintiff alleges that the minimum bid to be used

16   in the planned auction for Sale Parcel II was set at $25,000,000.

17   Defendants eventually chose, for reasons unknown, to forego an online

18   auction   in   favor   of   a   sealed   bids   process.   Defendants   issued   an

19   Invitation   for   Bids   (IFB)   on   March   14,   2008,   officially   soliciting

20   public bids for both parcels. (Docket No. 1-7.) The IFB called for

21   sealed bids to be submitted by April 30, 2008. (Id.) The highest bid

22   to   surpass   Defendants'   undisclosed   minimum   acceptable   bid   price

23   (Reserve Price) would obtain the property.  (Id.)  If no bids meeting

24   the   Reserve   Price   were   received,   Defendants   reserved   the   right   to

Civil No. 08-2388 (JAF)                                                      -3-

1    reject all sealed bids and instead conduct an online auction. (<u>Id.</u>)

2    Plaintiff asserts that the Reserve Price for Sale Parcel II continued

3    to be $25,000,000 despite the change in bidding mechanism.

4         Plaintiff, a Puerto Rico corporation, submitted a timely bid in

5    the amount of $27,027,000 for Sale Parcel II on April 25, 2009. Only

6    two bids were received in the sealed process, with Plaintiff's being

7    the highest. (Docket No. 25.) On May 13, 2008, Defendants informed

8    Plaintiff by letter that its bid had not met the Reserve Price and

9    that, therefore, Sale Parcel II would not be sold to it. This letter

10   did not state the actual amount of the Reserve Price Plaintiff failed

11   to meet. In response, Plaintiff submitted a FOIA request to

12   Defendants seeking disclosure of the "Winning Bid";[1] the Reserve

13   Price; the identity of the official(s) who set the Reserve Price; and

14   the date on which the Reserve Price was set.

15        This initial request was denied on June 23, 2008, by James E.

16   Anderson, Director of the Navy BRAC PMO Southeast. (Docket No. 1-5.)

17   In response to Plaintiff's request to reveal the identity of the

18   "winning bidder," Anderson informed Plaintiff that no bidder had met

19   the reserve price and that, consequently, there was no "successful

20   bidder." Anderson also revealed to Plaintiff the existence of an

21   "internal working memorandum responsive to [its] request for the

---

[1] "Winning Bid" is a term of art employed by Defendants in their IFB
referencing the highest bid received that also conformed to the form and procedures
outlined in the IFB. (Docket No. 1-7.)

Civil No. 08-2388 (JAF)                                                    -4-

1    disclosure of the Navy's Reserve Price and how it was established,

2    when and by whom." (Id.) Anderson denied disclosure of this document,

3    relying on the exemptions in 5 U.S.C. § 552(b)(4)-(5) for commercial

4    or financial information that is privileged or confidential and for

5    intra-agency memos and letters not available by law to a party other

6    than an agency in litigation.

7         In a letter dated July 7, 2008, Plaintiff requested the General

8    Counsel of the Navy to reconsider the denial of its FOIA request.

9    The General Counsel did not respond to Plaintiff's request within the

10   statutorily mandated twenty-day period. See 5 U.S.C. § 552(a)(6)

11   (A)(I). Plaintiff filed its initial complaint with this court on

12   December 18, 2008, requesting that we order the production of

13   government documents to fulfill the FOIA request.

14        Defendants did not answer the complaint but instead filed a

15   motion to dismiss based solely on the 5 U.S.C. § 552(b)(5) exemption

16   to agencies' FOIA obligations. (Docket No. 22.) Plaintiff concedes

17   that "Defendants have released much of the information referred to"

18   in the initial FOIA request. (Docket No. 52.) Through Defendants'

19   motions and the court-ordered release of the "IFB Award Plan,"

20   Plaintiff has discovered the identity of the winning bidder, the

21   reserve price, and the approval date of the IFB Award Plan. (See

22   Docket Nos. 25; 50-2.) Defendants argue that, with the release of the

23   complete version of the "IFB Award Plan," they have provided in full

24   the internal memorandum referenced in their initial denial of

Civil No. 08-2388 (JAF)                                          -5-

1    Plaintiff's FOIA request. (Docket No. 50.) Plaintiff maintains that

2    it has not received satisfactory answers to two inquiries in its

3    original FOIA request: When the reserve price was set and by whom.

4    (Docket No. 52.)

5         In the amended complaint filed on August 20, 2009, Plaintiff

6    added an additional claim for breach of contract under 28 U.S.C.

7    § 1346(a)(2). (Docket No. 52.) Plaintiff maintains that the Reserve

8    Price for Sale Parcel II was always $25 million and was only changed

9    to $36 million at some point after Plaintiff submitted its bid but

10   before the public opening of the bids. (Id. at 12.) By not

11   transferring Sale Parcel II to Plaintiff following receipt of its

12   winning bid over the Reserve Price, Plaintiff alleges that Defendants

13   have violated an implied contract that arose between the parties when

14   Plaintiff submitted its bid in conformity with the IFB. The only

15   remedy Plaintiff seeks for this breach is specific performance of the

16   alleged contract. (Id. at 13.)

17        Defendants move to dismiss Plaintiff's amended complaint,

18   incorporating by reference their previous motion to dismiss the FOIA

19   claim and also moving to dismiss the additional contract claim for

20   lack of jurisdiction. (Docket No. 54.) Defendants argue that the

21   Contract Disputes Act, 41 U.S.C. §§ 601-609, preempts this court's

22   jurisdiction. (Id. at 4-7) In the alternative, Defendants assert that

23   this court lacks jurisdiction under 28 U.S.C. § 1346(a)(2). (Id. at

24   7.) Plaintiff opposes. (Docket No. 62.)

Civil No. 08-2388 (JAF)                                               -6-

1                                   **II.**

2                                **Analysis**

3    **A.    FOIA Claim**

4          **1.    Standard under Rule 12(b)(6)**

5          A defendant may move to dismiss an action against him, based

6    solely on the complaint, for the plaintiff's "failure to state a

7    claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

8    In assessing this motion, we "accept[] all well-pleaded facts as

9    true, and we draw all reasonable inferences in favor of the

10   [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962,

11   971 (1st Cir. 1993).

12         The complaint must demonstrate "a plausible entitlement to

13   relief" by alleging facts that directly or inferentially support each

14   material element of some legal claim. Gagliardi v. Sullivan, 513 F.3d

15   301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550

16   U.S. 544, 559 (2007)). "Specific facts are not necessary; the

17   statement need only give the defendant fair notice of what the . . .

18   claim is and the grounds upon which it rests." Erickson v. Pardus,

19   551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting

20   Twombly, 550 U.S. at 559).

21         Federal Rule of Civil Procedure 12(d) states that whenever

22   matters outside of the pleadings are presented on a 12(b)(6) motion

23   and not excluded by the court, "the motion must be treated as one of

24   summary judgment under Rule 56." Whenever this situation arises,

Civil No. 08-2388 (JAF)                                                    -7-

1    "[a]ll parties must be given a reasonable opportunity to present all

2    the material that is pertinent to the motion." Fed R. Civ. P. 12(d).

3    The First Circuit has found exceptions to Rule 12(d) for documents

4    whose authenticity is undisputed, official public records, documents

5    central to the plaintiff's claim, or documents sufficiently

6    referenced in the complaint. Rivera v. Centro Medico de Turabo,

7    Inc., 575 F.3d 10, 15 (1st Cir. 2009).

8        **2.  Analysis**

9        The Freedom of Information Act was enacted "to open agency

10   action to the light of public scrutiny." DOJ v. Reporters Comm. for

11   Freedom of the Press, 489 U.S. 749, 772 (1989) (citation omitted).

12   The statute requires government agencies to "promptly" fulfill all

13   document disclosure requests that reasonably describe the records

14   requested and comply with each agency's established FOIA procedure.

15   5 U.S.C. § 552(a)(3)(A). An agency may deny access to requested

16   information in its possession only when one of nine exemptions

17   enumerated in 5 U.S.C. § 552(b) applies. An agency's denial of a FOIA

18   request may be appealed to the agency head. Id. § 552(a)(6).  Once

19   agency appeals have been exhausted, requesting parties may appeal to

20   district courts to review an agency's denial of a FOIA request. Id.

21   § 552(a)(4)(B). The District Court reviews such denials de novo.

22   Id.; see also Church of Scientology, Int'l v. DOJ, 30 F.3d 224, 228

23   (1st Cir. 1994). The burden of proving § 552(b) exemptions rests with

Civil No. 08-2388 (JAF)                                          -8-

1    the defendant agency. <u>Maynard v. CIA.</u>, 986 F.2d 547, 557-58 (1st Cir.

2    1993).

3         In the present case, Defendants have provided a full copy of the

4    "IFB Awards Plan," which, they assert, is the document referenced by

5    James Anderson in his initial denial of Plaintiff's FOIA request.

6    (Docket No. 50-1.) This document was not attached to Plaintiff's

7    amended complaint or Defendants' motion to dismiss the amended

8    complaint. (Docket No. 52.)  Since the government has not yet filed

9    an answer in this case, the Plaintiff's amended complaint is the only

10   pleading available for us to consider. As the IFB Award Plan is

11   central to Plaintiff's claim, and as the complaint makes sufficient

12   reference to it, we find that it falls under the exceptions to Rule

13   12(d) enumerated above. We, therefore, consider this as a 12(b)(6)

14   motion and not under the more stringent Rule 56 summary judgment

15   standard.

16        Defendants argue that by disclosing a complete copy of the IFB

17   Award Plan, they fulfilled the original FOIA request.  This document

18   provides the Reserve Price, the method used to determine that price,

19   and the date on which the plan received final approval. It also

20   includes the signatures of the BRAC PMO personnel responsible for

21   creating and approving the plan.  As a result, there is no longer any

22   dispute as to the disclosure of the document identified in the

23   Defendants' response to the initial FOIA request.

1      This court finds no other FOIA claim on which relief could be

2  granted in Plaintiff's amended complaint.  Where the agency has fully

3  disclosed all documents uncovered by its search in response to the

4  initial FOIA request, there is no basis for judicial review unless

5  the Plaintiff challenges the adequacy of the agency's search for

6  documents.  Plaintiff makes no such challenge in its complaint.

7  **B.   Contract Claim**

8       **1.   Standard under Rule 12(b)(1)**

9      Under Federal Rule of Civil Procedure Rule 12(b)(1), a defendant

10  may move to dismiss an action against him for lack of federal subject

11  matter jurisdiction.  The party asserting jurisdiction has the burden

12  of demonstrating its existence. See Skwira v. United States, 344 F.3d

13  64, 71 (1st Cir. 2003) (citing Murphy v. United States, 45 F.3d 520,

14  522 (1st Cir. 1995)).

15      Rule 12(b)(1) is a "large umbrella, overspreading a variety of

16  different types of challenges to subject-matter jurisdiction."

17  Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001).

18  A movant may base a challenge to the sufficiency of the plaintiff's

19  assertion of subject matter jurisdiction solely on the pleadings.

20  Id. at 363. In that case, we take the plaintiff's "jurisdictionally-

21  significant facts as true" and "assess whether the plaintiff has

22  propounded an adequate basis for subject-matter jurisdiction." Id. at

23  363; see Pejepscot Indus. Park, Inc. v. Me. Cent. R.R. Co., 215 F.3d

24  195, 197 (1st Cir. 2000).

Civil No. 08-2388 (JAF)                                      -10-

1      **2.  <u>Analysis</u>**

2          In order for a claim against the United States to survive a

3      motion to dismiss, it must be brought under an "unequivocally

4      expressed" waiver of sovereign immunity. <u>Muirhead v. Meacham</u>, 427

5      F.3d 14, 17 (1st Cir. 2005). In the case at bar, Plaintiff brings its

6      claim under 28 U.S.C. § 1346(a)(2). Defendants devote the lion's

7      share of their argument to the notion that our jurisdiction over this

8      case is preempted by the Contract Disputes Act (CDA), 41 U.S.C.

9      §§ 601-609. (Docket No. 54.) The CDA, however, is completely

10     inapposite to this case. The statute encompasses neither the disposal

11     nor procurement of real property.[2] Plaintiff seeks redress for the

12     breach of a contract for the sale of real property. Therefore,

13     Defendants' argument that the CDA governs this contract dispute and

14     preempts this court's jurisdiction fails.

15         Our finding the CDA inapplicable to the instant case does not,

16     however, conclude our jurisdictional analysis. Plaintiff has brought

17     this action under the aegis of 28 U.S.C. § 1346(a)(2). This statute

18     grants concurrent jurisdiction to district courts and the Court of

19     Federal Claims for all claims against the government not exceeding

20     $10,000 and founded on "any express or implied contract with the

---

[2]   The only property-disposal contracts governed by the CDA are for the
disposal of "personal property." 41 U.S.C. § 602(a)(4). The disposal of real
property, on the other hand, is impliedly exempted from the CDA. Similarly, section
602(a)(1) of the act expressly exempts procurement of "real property in being" from
the ambit of the CDA. <u>Id.</u> § 602(a)(1) ("[T]his chapter applies to any express or
implied contract . . . entered into by an executive agency for – (1) the
procurement of property, <u>other than real property in being</u>." (emphasis added)).

Civil No. 08-2388 (JAF)                                              -11-

1    United States." 28 U.S.C. § 1346(a)(2). But this grant of
2    jurisdiction does not extend to "claims that seek primarily equitable
3    relief." Berman v. United States, 264 F.3d 16, 21 (1st Cir. 2001).
4    Furthermore, in cases where the only relief requested is specific
5    performance of a government contract (Docket No. 52 at 13), the First
6    Circuit has explicitly denied this court's jurisdiction. See
7    Coggeshall Dev. Corp. v. Diamond, 884 F.2d 1, 3 (1st Cir. 1989)
8    ("Federal Courts do not have the power to order specific performance
9    by the United States of its alleged contractual obligations.").
10   Thus, we lack jurisdiction under 28 U.S.C. § 1346(a)(2) to hear
11   Plaintiff's claim for breach of contract.

12                                  **III.**

13                               **Conclusion**

14       For the reasons stated herein, we hereby **GRANT** Defendants'
15   motion to dismiss. We **DISMISS** Plaintiff's Freedom of Information Act
16   claim for failure to state a claim upon which relief can be granted.
17   We also **DISMISS** Plaintiff's breach of contract claim for lack of
18   jurisdiction.

19       **IT IS SO ORDERED.**

20       San Juan, Puerto Rico, this 25th day of September, 2009.

21                                  s/José Antonio Fusté
22                                  JOSE ANTONIO FUSTE
23                                  Chief U.S. District Judge